IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BENJAMIN AND JESSICA GABBERT,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND<br><br><br>Case No. 1:15-CV-16 TS<br><br>Judge Ted Stewart |

This matter is before the Court on a Motion to Remand for Lack of Subject-Matter Jurisdiction filed by Plaintiffs Benjamin and Jessica Gabbert. For the reasons set forth below, the Court will grant Plaintiffs' Motion.

I.  BACKGROUND

Plaintiffs Benjamin and Jessica Gabbert ("Plaintiffs") are both residents of the State of Utah. Defendant Wells Fargo Bank, N.A. ("Defendant") is a federally chartered national bank, and by designation on its organization certificate, is a citizen of South Dakota.[1]

The following facts are taken from the Plaintiffs Complaint and Amended Complaint. On December 16, 2011, Plaintiffs purchased a property in Clearfield, Utah and simultaneously obtained a mortgage through Academy Mortgage. Shortly thereafter, Academy Mortgage transferred ownership of Plaintiffs' mortgage to Wells Fargo Home Mortgage, a division of

---

[1] *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the state in which its main office, as set forth in its articles of association, is located."); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) ("[T]his is the State designated in its articles of association as its main office; and Wells Fargo is a citizen of South Dakota for diversity purposes.") (citations and internal quotation marks omitted).

Wells Fargo Bank, N.A. In June 2013, Plaintiffs, unable to make consistent payments, called Defendant to assess the possibility of a mortgage modification. Plaintiffs were informed by Defendant's Home Preservation Specialist that they qualified for a specific modification under the Federal Department of Housing and Urban Development ("HUD") Partial Settlement Claim. In April 2014, Plaintiffs signed the requisite forms for the HUD modification in the presence of a notary but miswrote the date on one of the forms. The notary allegedly advised Plaintiffs that simply striking out the incorrect date and replacing it with the correct date would suffice. Plaintiffs followed this advice. After submission, Plaintiffs were notified that the forms had been received and processed by the Specialist and were advised to begin the payments in accordance with the modification agreement on June 1, 2014.

Beginning in June 2014, Plaintiffs made several attempts to submit payment. However, payment could not be accepted through the Defendant's online pay program. Plaintiffs continued attempting to submit payments through the online program but were repeatedly rejected. In August 2014, Plaintiffs received a call from Defendant notifying them of an overdue balance. Plaintiffs' application for a HUD modification had been denied because of the incorrect date, despite the advice of the notary. No one had informed Plaintiffs that the application had been denied before the notification. Consequently, Plaintiffs allege they were required to pay more than agreed upon in the modification forms.

On or about December 8, 2014, Plaintiffs, proceeding *pro se*, filed this action against Defendant in the Second Judicial District Court of Davis County, Utah. Plaintiffs asserted the following causes of action: fraud, unfair business practices, breach of contract, and breach of fiduciary duty.[2] Plaintiffs sought $25,000 in compensatory damages, $50,000 in punitive

---

[2] Docket No. 2 Ex. A, at 1.

2

damages, and an unspecified amount for a consultation fee allegedly paid by Plaintiffs to an attorney.[3]

On January 20, 2015, Defendant filed a Notice of Removal claiming original jurisdiction pursuant to 28 U.S.C. §1332(a).[4] On March 23, 2015, Plaintiffs filed an Amended Complaint, amending their causes of action to negligent misrepresentation and promissory estoppel.[5] Plaintiffs' Amended Complaint also sought compensatory and punitive damages, but did not designate a specific amount of damages, leaving the determination of such damages to the discretion of the Court.[6] On the same day, Plaintiffs simultaneously filed this Motion to Remand.

## II.  LEGAL STANDARD

"The evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state."[7] Therefore, generally, a notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional limit.[8] However, when "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."[9] In this case, Plaintiffs have challenged Defendant's assertion of the jurisdictional amount.  Thus, the

---

[3] *Id.* at 25.

[4] Docket No. 2, at 2.

[5] Docket No. 16, at 1.

[6] *Id.*

[7] *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).

[8] *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).

[9] *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)).

Court must decide, by a preponderance of the evidence, whether the requisite amount has been met.

Federal courts are courts of limited jurisdiction. Thus, there is a presumption against removal and the removal statutes are strictly construed. The Tenth Circuit has repeatedly affirmed the existence of a presumption against removal.[10] The basis for this presumption is the belief that the plaintiff's right to choose the forum outweighs the defendant's right to removal.[11] Because Plaintiffs brought the action in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."[12]

### III.  DISCUSSION

In support of remand, Plaintiffs argue (1) the replacement of new causes of action in the Amended Complaint changed the "very nature" of the original complaint, thus rendering the original Complaint moot; (2) the Amended Complaint did not indicate an exact amount in damages sought and, therefore, the damages do not necessarily exceed the jurisdictional amount required in 28 U.S.C. § 1332; and (3) the consultation fee asserted in the original Complaint cannot be included in calculating the amount in controversy and, therefore, the original claim did not exceed the statutory amount required by §1332.[13]

---

[10] *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995), *abrogated on other grounds by Dart Cherokee*, 135 S.Ct. 547; *Anderson v. Lehman Bros. Bank*, FSB, 528 F. App'x 793, 795 (10th Cir. 2013); *Brazell v. White*, 525 F. App'x 878, 881 (10th Cir. 2013).

[11] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing.").

[12] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938).

[13] Docket No. 21.

In its opposition, Defendant argues that the amount-in-controversy requirement was satisfied as of the date of the notice of removal was filed and, as such, the original Complaint must be the operative pleading.[14] Defendant also argues that an amendment to the original pleading does not warrant remand because, once diversity jurisdiction is established, Plaintiffs cannot reduce the amount in controversy in order to defeat federal jurisdiction.[15] Further, Defendant argues that Plaintiffs' admission to jurisdiction in their Motion to Remand supports upholding federal jurisdiction.[16]

Generally, the initial complaint is controlling in determining the amount in controversy. 28 U.S.C. § 1446(c)(2) provides: "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" The amount in controversy is ordinarily "determined by the allegations of the complaint, or, where they are not dispositive, by the allegation in the petition of removal."[17] This means the amount in controversy is normally decided at the time of removal.[18] Thus, when an initial pleading correctly establishes federal jurisdiction, a post-removal dismissal of claims reducing the amount in controversy generally does not extinguish the Court's jurisdiction.[19]

Here, Plaintiffs' Complaint sought $25,000 in compensatory damages, $50,000 in punitive damages, and reimbursement for a consultation fee with an attorney. The question here is whether the consultation fee should be included in determining the amount in controversy.

---

[14] Docket No. 18, at 2.

[15] *Id.*

[16] *Id.*

[17] *Lonnquist,* 421 F.2d at 599.

[18] C.J.S. Removal of Cases § 5 ("The removability of a case is determined as of the time of removal, by looking to the pleadings, complaint, or record existing at the time of removal.").

[19] *St. Paul Mercury*, 303 U.S. at 289–90.

28 U.S.C. § 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Defendant asserts that the original Complaint sought for $75,000 in specified damages and reimbursement for an attorney consultation fee. Defendant argues that the inclusion of the consultation fee "undisputedly" forces the amount over the statutory requirement.[20] It is true that, when the consultation fee is calculated into the jurisdictional amount, it appears not only plausible, but certain, that the amount in controversy exceeds the requirement of $75,000. However, the Court finds that the consultation fee should not be included in the amount-in-controversy calculation.

The asserted consultation fee in many ways resembles an attorney's fee and should be categorized as such. "In general, attorney's fees cannot be included in the amount in controversy[]"[21] because they are considered "costs" under § 1332(a).[22]

There are two primary justifications for the exclusion of attorney's fees from the amount-in-controversy calculation.

> First, costs are matters of reimbursement between the attorney and the client and are not part of the matter in controversy between the parties. Second, the amount of the costs will remain uncertain until the action itself is completed and therefore it is an inappropriate element for inclusion in determining whether the jurisdictional amount requirement has been satisfied since that must be ascertained at the beginning of the case.[23]

---

[20] Docket No. 18, at 3.

[21] 1A Fed. Proc., L. Ed. § 1:471; *see also Evitt v. Durland*, No. 00-6130, 242 F.3d 388, 391 (10th Cir. 2000) (unpublished).

[22] *Danial v. Daniels*, 162 F. App'x 288, 290 (5th Cir. 2006) ("By its very language § 1332(a) clearly excludes costs from the calculation of the amount in controversy."); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Jurisdiction and Related Matters* § 3712 (4th ed. 2009) ("[C]osts are matters of reimbursement between the attorney and the client.").

[23] Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Jurisdiction and Related Matters* § 3712 (4th ed. 2009); *See also* 1A Fed. Proc., L. Ed. § 1:470 ("With

Although the fee in this case was likely fixed at the beginning of this case, the exclusion of the consultation fee in the amount-in-controversy determination is proper under the first justification. Plaintiffs' consultation was with a non-party attorney prior to the initiation of this action. Thus, the reimbursement of the consultation fee is not part of the matter in controversy between the Plaintiffs and Defendant. Plaintiffs' fee was for reimbursement for legal services with that attorney only, not for fees accrued in prior litigation with Defendant or fees arising out of a legal obligation between the two parties.[24]

Accordingly, the consultation fee asserted in the original Complaint cannot be utilized in satisfying the jurisdictional requirement set forth in § 1332. Since "[t]he only question is whether the federal court would have had jurisdiction if the suit had been filed in federal court[,]"[25] a proper calculation, excluding the asserted consultation fee, would have rendered the initial claim of damages unsatisfactory to begin with. Thus, Plaintiffs' initial pleading facially did not exceed the statutory requirement, but claimed exactly $75,000 in actual awardable damages. Therefore, remand is appropriate.

This conclusion is in accordance with the principle of limited jurisdiction found within federal courts and the presumption against removal. When it is uncertain whether jurisdiction exists, the Court must remand the case.[26] At best, it is unclear whether the consultation fee may

---

respect to costs, this rule is justified on the basis that costs are not determined until the end of the action and thus are both uncertain in amount and unrelated to the amount in controversy.").

[24] *See* 32A AM. JUR. 2D *Federal Courts* § 1005.

[25] *Gonzales v. Montoya*, 113 F.3d 1246, at *2 (10th Cir. May 29, 1997) (unpublished); *see also Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972).

[26] *Laughlin*, 50 F.3d at 873 (quoting *Lonnquist,* 421 F.2d at 599).

be considered in meeting the jurisdictional requirement.  Such uncertainty, coupled with the presumption against removal, requires remand.

Finally, Defendant argues that Plaintiffs' Motion to Remand must be denied because Plaintiffs admitted the amount in controversy exceeded the statutory amount.  This argument, however, is unpersuasive because jurisdiction cannot be conceded.[27]  As the Court lacks jurisdiction, neither an admission by the Plaintiffs, or an agreement by both parties, will establish subject matter jurisdiction.

28 U.S.C. § 1441(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction.  Therefore, the case must be remanded pursuant to § 1441(c) for lack of subject matter jurisdiction.[28]

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion (Docket No. 17) is GRANTED.

The Clerk of the Court is directed to remand this case to the Second Judicial District Court of Davis County, Utah.

DATED this 12th day of June, 2015.

BY THE COURT:

/s/ Stewart

---

[27] *Id.* at 874 (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 371 (7th Cir. 1993) (Shadur, J., dissenting)) ("We do not agree, however, that jurisdiction can be 'conceded.' . . . '[S]ubject matter jurisdiction is not a matter of equity or of conscience or of efficiency,' but is a matter of the 'lack of judicial power to decide a controversy.'").

[28] *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1291 (10th Cir. 2001) *abrogated on other grounds by Dart Cherokee*, 135 S.Ct. 547.

_____
TED STEWART
United States District Judge